UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:12-CV-102-KKC

CITIZENS NATIONAL BANK OF PAINTSVILLE,                              PLAINTIFF,

v.                                **OPINION AND ORDER**

MCNB BANK AND TRUST COMPANY                                         DEFENDANT.

     This matter is before the Court on various motions filed by the parties in anticipation of the trial of this matter.

     The parties entered into a total of four agreements through which the defendant sold the plaintiff an interest in four loans. The Court has already determined that the defendant, MCNB Bank and Trust Company, breached the agreements when it unilaterally terminated them by repurchasing its interest in the loans. (DE 82, Summ. J. Opinion.) The Court further determined that issues of fact remained regarding the calculation of the damages suffered by the plaintiff, Citizens National Bank of Paintsville. This matter is set for a jury trial on March 7, 2016 in Pikeville, Kentucky.

     **I.**    **MCNB's motion to limit references to facts solely relevant to the issue of the breach of contract (DE 105)**

     This motion is DENIED as premature. MCNB objects to this category of evidence as irrelevant and more prejudicial than probative. It does not, however, identify any specific evidence that it seeks to exclude. The Court agrees that any evidence relevant *only* to the breach of contract should not be admitted as that issue has been decided as a matter of law. That broad statement will provide the parties with some guidance. For more specific rulings regarding the relevance and potential prejudice of particular evidence, MCNB should object to specific items of evidence as Citizens proffers them at trial.

In its response, Citizens discusses two specific pieces of evidence which it argues should be admissible because they are relevant to its damages. First, are the minutes from the September 12, 2011 MCNB Board meeting. The second piece of evidence is a report commissioned by MCNB's Board of Directors and completed by James Shrewsbury. The Court will hear argument as to these two items of evidence at the pretrial conference.

## II. Citizens' motion in limine regarding various issues (DE 108)

As set forth below, this motion is GRANTED in part, DENIED in part, and DEFERRED in part until after oral argument is heard at the pretrial conference.

1) **Citizens' motion to exclude any evidence that it was required to buy mortgage-backed securities in order to mitigate its damages**

   This motion is DENIED. With this motion, Citizens simply reasserts arguments made in support of its prior motion on this issue (DE 56). The court denied the prior motion (DE 83, Opinion and Order) and, for the same reasons, denies the current motion.

2) **Citizens' motion to exclude any evidence of communications between it and the FDIC about whether MCNB's actions were improper**

   This motion is GRANTED. MCNB states that it has no intent of offering this evidence unless necessary for impeachment purposes. If MCNB should find that introduction of this evidence becomes appropriate and necessary, it should approach the bench for permission to do so.

3) **Citizens' motion to exclude evidence of other transactions between Citizens National and MCNB**

   This motion is DEFERRED until after oral argument is heard at the pretrial conference.

4) **Citizens' motion to exclude any evidence that Citizens was required to mitigate damages in any way other than by buying mortgage-backed securities**

   This motion is DEFERRED until after oral argument is heard at the pretrial conference

5) **Citizens' motion to exclude Dr. Mullineaux's Second Rebuttal Report**

   This motion is DEFERRED until after oral argument is heard at the pretrial conference.

**III.     Citizens' motion to update damages through the trial date (DE 98)**

This motion is GRANTED. Citizens moves for permission to use a chart and supporting materials at trial that update its damages calculation to reflect the Federal Reserve System's recent increase in the interest rate applicable to required and excess reserve balances. The new calculation reduces Citizens' damages claim. Accordingly, MCNB will not be prejudiced by the recalculation.

In its pretrial memorandum, Citizens' requests that it be permitted to recalculate its damages to reflect an extension of the term on the American Pride Loan. The Court will hear argument on this issue at the pretrial conference.

Dated February 17, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY